UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREYHOUND LINES, INC., | Case No. 3:18-cv-00583-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF SPARKS, | |
| Defendant. | |

**I.     SUMMARY**

This case is about a bus company's ability to operate at Centennial Plaza in Sparks, Nevada. Plaintiff Greyhound Lines, Inc. filed a petition for writ of mandamus and complaint for declaratory relief ("Petition") in state court on December 7, 2018. (ECF No. 1-1 at 4.) Defendant City of Sparks removed based on federal question jurisdiction, alleging that Plaintiff's Petition presents questions concerning the interpretation and application of 49 U.S.C. § 5323(r). (ECF No. 1 at 3.) Before the Court is Plaintiff's emergency motion to remand ("Motion"). (ECF No. 5.) The Court granted Plaintiff's request for emergency consideration and ordered Defendant City of Sparks to file any opposition by December 13, 2018, at 10:00 AM. (ECF No. 7.) The Court has reviewed Defendant's response. (ECF No. 8.) The Court finds it unnecessary to consider a reply or hold a hearing on the Motion and grants Plaintiff's Motion because the claims raised in the Petition can be resolved without reference to the federal statute at issue.

**II.    BACKGROUND**

Plaintiff alleges the following in support of its Motion. Plaintiff has been negotiating with the Cities of Reno and Sparks to relocate its bus operations for over two years. (ECF No. 5 at 3.) Plaintiff entered into a lease agreement with the Regional Transportation Commission ("RTC") on October 30, 2018, to operate out of Centennial Plaza. (*Id.*) The

lease commenced on December 1, 2018, and Plaintiff planned to begin operations on December 3, 2018. (*Id.*) In preparation, Plaintiff filed an application for a business license with Defendant on November 5, 2018, but a business license has not issued. (*Id.*; ECF No. 8 at 3.) Plaintiff alleges that Defendant is unlawfully holding Plaintiff's business license in abeyance and requiring Plaintiff to unnecessarily apply for a conditional use permit. (ECF No. 5 at 3.) Defendant alleges that Plaintiff seeks to change the use and character of Centennial Plaza in violation of an existing Special Use Permit that controls use of Centennial Plaza. (ECF No. 8 at 2.) Defendant further alleges that Plaintiff was instructed to take efforts to amend the Special Use Permit but failed to do so. (*Id.* at 2-3.)

Plaintiff's current lease of its formerly owned property in Reno expires on December 29, 2018. (ECF No. 5 at 3.) Plaintiff alleges that it will be unable to operate in both Reno and Sparks if it does not receive a business license to operate at Centennial Plaza. (*Id.*)

Plaintiff filed the Petition in state court on December 7, 2018. (ECF No. 1-1 at 4.) The Petition seeks a writ of mandamus directing Defendant to issue a business license to Plaintiff and permit Plaintiff's operation and, alternatively, seeks the following declaratory judgments under Nevada's Uniform Declaratory Judgment Act: (1) Plaintiff's use of Centennial Plaza comports with the Special Use Permit; (2) there are no grounds for denial of Plaintiff's application for business license under Sparks Municipal Code ("SMC") § 5.16.010; and (3) the City will approve Plaintiff's business license without further delay. (ECF No. 1-1 at 26-27.) Defendant filed its notice of removal under 28 U.S.C. § 1331 on December 10, 2018. (ECF No. 1.)

**III.   LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected

2

if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

**IV. DISCUSSION**

Plaintiff asserts that the Court lacks federal question jurisdiction even though Plaintiff's Petition references a federal statute—49 U.S.C. § 5323(r)—because the Petition does not necessarily present questions concerning the interpretation and application of that statute. (*See* ECF No. 5 at 6.) Plaintiff argues that it can prevail on its claims solely by reference to the Special Use Permit, SMC § 5.16.010, and NRS §§ 43.150-.310 (Nevada statutory provisions governing writs of mandamus). (*Id.*) Specifically, Plaintiff argues that it could obtain relief based solely on findings that its use of Centennial Plaza comports with the Special Use Permit and that there are no grounds for denial of its application for business license under SMC § 5.16.010. (*Id.*) Defendant does not address this argument in its response. (*See* ECF No. 8.)

Defendant responds that Plaintiff has no legal basis for seeking relief without reference to 49 U.S.C. § 5323(r). (ECF No. 8 at 4.) Defendant argues that resolution of Plaintiff's case will require a court to determine (1) whether 49 U.S.C. § 5323(r) applies to Defendant even though Defendant does not own Centennial Plaza; (2) whether 49 U.S.C. § 5323(r) provides Plaintiff with a private right of action; (3) whether the requirement of "reasonable access" under 49 U.S.C. § 5323(r) precludes Defendant from requiring compliances with its business licensing, land use, and zoning laws; and (4) the applicability, import, and appropriate procedure for addressing the second sentence of 49 U.S.C. § 5323(r), which requires consideration of "capacity requirements of the recipient of assistance and the extent to which access would be detrimental to existing public transportation services." (ECF No. 8 at 4-5.)

The Court agrees with Plaintiff. It appears that Plaintiff's claims can be resolved without reference to 49 U.S.C. § 5323(r) if Plaintiff demonstrates that its use of Centennial

3

Plaza is within the parameters of the current Special Use Permit and that there are no grounds for denial of its application for business license under SMC § 5.16.010. "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996); *see also Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006). Accordingly, the Court will grant Plaintiff's Motion.

Plaintiff additionally requests fees and costs incurred in filing the Motion. (ECF No. 5 at 7.) But Plaintiff's request does not comply with LR IC 2-2(b): "For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Moreover, the petition for removal does not appear to be frivolous. Accordingly, Plaintiff's request for fees is denied.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 5) is granted.

It is further ordered that Plaintiff's motion for hearing (ECF No. 6) is denied as moot.

The Clerk is directed to close this case.

DATED THIS 13th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE